**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **RONNIE T. SHELTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:12cv009** |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **By:  Michael F. Urbanski** |
| **Commissioner of Social Security, et al.,** | ) | **United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

In this case, plaintiff Ronnie T. Shelton alleges various violations of federal law against individuals and agencies involved in the decision to deny him social security disability benefits. The disability decision of which Shelton complains dates back more than two decades, and his attempt to revisit that decision by means of the claims alleged in this lawsuit is unavailing as a matter of law.  Nevertheless, because the Commissioner of Social Security has moved to remand this case for further administrative consideration under 42 U.S.C. § 405(g), the Commissioner's motion will be **GRANTED** and this case **REMANDED** to the Commissioner for the reasons set forth herein.

This matter was referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition.  The magistrate judge filed a report and recommendation on January 24, 2013, recommending that plaintiff's Rule 60(b) motion be **DENIED**, the Rule 12 (b)(6) motion of defendants Lawlor and Gottovi be **GRANTED**, and the Rule 12(b)(1) motion of the Commissioner of Social Security be **GRANTED**.  Plaintiff has filed objections to the report and recommendation.

The court has reviewed the magistrate judge's report, findings and recommended disposition, the objections to the report, the pleadings, including the exhibits attached hereto, and the transcripts of the hearings before the magistrate judge.  In so doing the court has made a <u>de novo</u> determination of those portions of the report to which the plaintiff objected.  The court finds that the magistrate judge was correct in concluding that there is no basis upon which this case may proceed as plaintiff  cannot meet any of the criteria for reopening in this court his prior disability determinations or his prior federal court lawsuit challenging those determinations.  Accordingly, the court adopts findings (1) through (5) of the magistrate judge's report.  Next, no cognizable legal claim exists against defendants Lawlor and Gottovi, and the court adopts findings (6) through (13) of the magistrate judge's report.  Likewise, as to defendant Astrue, the court agrees with the conclusion of the magistrate judge that there is no basis under the Constitution or federal law to seek money damages from the Commissioner of Social Security for alleged wrongful denial of disability benefits.  The magistrate judge also correctly concluded that no viable claim exists under the Federal Privacy Act, 5 U.S.C. § 552a, or the Freedom of Information Act, 5 U.S.C. § 552, as plaintiff failed to exhaust administrative remedies.  Further, the magistrate judge correctly concluded that there was no basis for a claim under 44 U.S.C. § 3309 that his file relating to his 1990 disability application had been wrongfully destroyed.  Accordingly, the court adopts findings (14) through (16) and (19) through (23), and will **ORDER** dismissal of this action.

It does appear, however, that the magistrate judge overlooked one aspect of this case, that being the Motion to Remand filed by the Commissioner.  On June 11, 2012, the Commissioner moved that to the extent plaintiff's claim could be construed as seeking review under 42 U.S.C. § 405(g) of his denial of disability insurance benefits ("DIB"), this claim should be remanded to

the Commissioner for "additional administrative development, including, but not limited to, an evidentiary hearing to evaluate Plaintiff's mental competency at the time of his 1990 DIB application in light of evidence submitted by Plaintiff's attorney after Plaintiff filed his November 26, 2007 DIB application." (Dkt. #42.) The Commissioner explained further:

> Specifically, evidence that Plaintiff submitted to the Agency with his most recent DIB application could lead to a finding that he was mentally incompetent and, consequently unable to file an appeal of the denial of his 1990 DIB claim. A finding that Plaintiff was mentally incompetent would permit the Agency to reopen his 1990 DIB claim. On remand, the Commissioner, through the Appeals Council, will refer Plaintiff's case to an administrative law judge for an evidentiary hearing to evaluate Plaintiff's mental competency at the time of his 1990 DIB application. If Plaintiff is determined to have been mentally incompetent at that time, such that he was unable to file an appeal of the denial of his 1990 DIB claim, the Commissioner may reopen Plaintiff's 1990 DIB claim pursuant to 20 C.F.R. §§ 404.987-.989.

> An evidentiary hearing on Plaintiff's mental competency at time of his 1990 DIB claim is the only possible means to provide Plaintiff with the remedy he seeks. He asked this Court to order the Commissioner to "relieve and remove said Decision of the Administrative Law Judge and Appeals Council." Plaintiff also requested that "new or existing evidence be allowed during the period of 1989 to the present day." See Complaint ¶ 16. Without an evidentiary hearing as to his mental competency at the time of his 1990 DIB claim, any substantive review of his claim would continue to be barred by administrative res judicata. Therefore, this claim should be remanded to SSA for further administrative proceedings and be dismissed from this action without prejudice.

Id.

The court will **GRANT** the Commissioner's Motion to Remand to allow further administrative proceedings as outlined by the Commissioner. Given the passage of time and the operation of res judicata, none of the claims raised by Shelton in this lawsuit have any legal validity, and administrative review suggested by the Commissioner provides the only mechanism

for consideration of plaintiff's claim on the merits.  The court will **GRANT** the Commissioner's motion to remand for that limited purpose.[1]

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge is adopted insofar as it recommends dismissal of the action with the exception of a claim under 42 U.S.C. § 405(g).  That claim is remanded to the Commissioner for further administrative proceedings as to plaintiff's competence in 1990 and his ability to appeal the denial of his 1990 DIB claim as set forth in the Commissioner's Motion to Remand. Specifically, the court **GRANTS** the motion to dismiss filed by defendants Gottovi and Lawlor (Dkt. #10), and the motion to dismiss and remand filed by the Commissioner.  (Dkt. #40.)  It is **ORDERED** that this case be, and hereby is, dismissed with prejudice and stricken from the docket of the court.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

Entered:  February 15, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[1] To the extent that the Commissioner's Motion to Remand is inconsistent with findings (17) and (18 )by the magistrate judge, those findings are not adopted.